# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**Danny Perry,**
**Claimant Below, Petitioner**

**vs.)   No. 21-0742** (BOR Appeal No. 2056350)
                    (Claim No. 2019015736)

**Aracoma Coal Company, Inc.,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Danny Perry, by counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Aracoma Coal Company, Inc., by counsel Sean Harter, filed a timely response.

The issue on appeal is the amount of permanent partial disability in the claim. The claims administrator granted a 4% permanent partial disability award on October 28, 2019. On January 21, 2021, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated August 23, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Perry was employed as a fire boss for Aracoma Coal Company, Inc., when he injured his left knee in the course of his employment on January 25, 2019, when he slipped and trapped his left leg between a belt and a belt rail. He sought medical treatment the day after the injury at Logan Regional Medical Center and was diagnosed with a sprain/strain of the left knee. X-rays taken at the time disclosed moderately advanced osteoarthritis of the knee with joint effusion, according to Donald Lewis, M.D.

Mr. Perry completed an Employees' and Physicians' Report of Occupational Injury or Disease for his alleged injuries. In an Order dated January 31, 2019, the claims administrator ruled the claim compensable for a sprain to an unspecified site of the left knee but excluded compensability for a crush injury of the left knee and pain. Mr. Perry received medical treatment for his compensable injury and was ultimately referred for a permanent total disability evaluation.

At the request of the claims administrator, Mr. Perry was evaluated by David Soulsby, M.D. In his report dated October 17, 2019, Dr. Soulsby noted that Mr. Perry walked with an "antalgic gait on the left," without the use of an external aid to ambulate and had a varus deformity of both knees. The deformity was more pronounced on the left than on the right. After an examination and a review of the medical records, Dr. Soulsby diagnosed Mr. Perry with the following: (1) severe tricompartmental osteoarthritis of the left knee; (2) moderately severe tricompartmental osteoarthritis at the uninjured right knee; (3) torn medial meniscus, left knee; and (4) insufficiency fracture of the left knee. Mr. Perry was found to have reached maximum medical improvement with his current symptoms attributed to severe tricompartmental osteoarthritis. Based upon the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Soulsby found 8% whole person impairment for varus alignment when standing and flexion contracture. He apportioned 4% impairment to the compensable injury, and 4% to preexisting arthritis. By Order dated October 28, 2019, the claims administrator granted Mr. Perry a 4% permanent partial disability award based on Dr. Soulsby's evaluation report. Mr. Perry protested the claims administrator's decision.

Mr. Perry was evaluated by Bruce Guberman, M.D., on February 18, 2020. Dr. Guberman observed that Mr. Perry ambulated with an antalgic, but steady gait, and noted x-ray findings indicating moderately advanced osteoarthritis with joint effusion. Dr. Guberman diagnosed

chronic post-traumatic strain of the left knee with insufficiency fracture of the tibia and medial femoral condyle, due to the injury of January 25, 2019. Mr. Perry was found to be at maximum medical improvement with 8% whole person impairment. Dr. Guberman chose not to apportion any of the impairment for non-compensable conditions due to a lack of evidence of preexisting symptoms, and his belief that the mild range of motion abnormalities at the uninjured right knee did not translate to impairment under the mild category.

Prasadarao Mukkamala, M.D., evaluated Mr. Perry on August 31, 2020, and authored a report dated September 2, 2020. After examining Mr. Perry, and reviewing his medical records, Dr. Mukkamala rendered findings of maximum medical improvement with a 4% whole person impairment rating. In comparing his findings to those of Dr. Guberman, Dr. Mukkamala stated:

> With relation to the 8% impairment calculated by Dr. Guberman at the time of my evaluation, I did not notice the limitation of motion of the left knee to the same degree that was documented by Dr. Guberman. Dr. Guberman stated that there was only 14-degree flexion contracture, but at the time of my evaluation, there was only 7-degree flexion contracture. The difference of the 8% impairment that was reported by Dr. Guberman and the 4% impairment that I calculated at the time of my evaluation is accounted for by the difference in physical findings.

In a Final Decision dated January 21, 2021, the Office of Judges found that Mr. Perry has been fully compensated by his 4% permanent partial disability award. Dr. Mukkamala's evaluation was found to be the most representative of Mr. Perry's permanent impairment due to the January 25, 2019, injury. It was determined that Dr. Mukkamala's examination revealed a considerably better range of motion finding for the left knee, as opposed to the findings of Dr. Guberman. As a result, the Office of Judges affirmed the claims administrator's October 28, 2019, Order awarding Mr. Perry a 4% award. On August 23, 2021, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Final Decision.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The Office of Judges determined that Dr. Mukkamala's examination of Mr. Perry's left knee revealed considerably better range of motion than that of Dr. Guberman on February 18, 2020. It appears that Mr. Perry's left knee had improved during the more than six-month period in between the evaluations conducted by Drs. Guberman and Mukkamala. Therefore, the Office of Judges did not err in relying upon Dr. Mukkamala's opinion, which was the most recent rating in the medical record.

Affirmed.

**ISSUED: May 2, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4